IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01597-PAB

RANDALL LUDWIG,

    Petitioner,

v.

R. HUDGINS, Warden,

    Respondent.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

This matter comes before the Court on the Amended Application for a Writ of Habeas Corpus [Docket No. 6] filed *pro se* by Randall Ludwig on July 23, 2018. On August 27, 2018, the Court issued an Order to Show Cause to Respondent as to why the Application should not be granted. Docket No. 13. Respondent filed a Response to Amended Application for Writ of Habeas Corpus, Docket No. 14, on September 26, 2018. Applicant filed a Reply, Docket No. 15, on October 17, 2018. Having considered the parties' filings, the Court dismisses this action for the reasons discussed below.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Applicant is a prisoner in the custody of the Bureau of Prisons. He is incarcerated at the Federal Correctional Institution in Englewood, Colorado. On March 5, 2017, Applicant was issued an incident report for committing the prohibited act of Code 201 (Fighting). (Declaration of Cody Kizzier, Docket No. 14-1, at ¶ 9, and attach.

3, Docket No. 17-4).

The reporting officer described the incident as follows:

On 3/5/17 at approximately 435pm before the evening meal, I witnessed inmates Ludwig, Randall #02904-029 and [ ] striking one another with closed fists to the facial and torso area. When I approached, both inmates had stopped fighting. Both inmates admitted to fighting when I questioned them[.] [A]lso both inmates admitted that the fight took place over a disrespect issue when playing cards. Both inmates were separated and escorted to the Lieutenants Office without further incident.

Docket No. 14-4, at 5; *see also* Kizzier Decl., at ¶ 9. Applicant received a copy of the incident report the day it was issued. *Id.*

Applicant was advised of his rights regarding the disciplinary process and was given the opportunity to make a pre-hearing statement. Docket No. 14-4 at 5-6; Kizzier Decl., ¶¶ 10-11. Applicant stated: "I was trying to protect myself. [S]econd incident w[h]ere he got in my face. He pushed me into the railing . . . and I told him that I didn't want to play anymore. He kept pushing me and I had to protect myself." Docket No. 14-4 at 5. On March 9, 2017, Applicant was provided copies of the Notice of Disciplinary Hearing before the DHO [Disciplinary Hearing Officer] and a written notice of his rights before the DHO. Docket No. 14-4, at 7-8; Kizzier Decl., ¶ 11. Applicant requested a staff representative and an inmate witness. Docket No. 14-4 at 10.

The DHO conducted a disciplinary hearing on April 4, 2017. DHO Report, Docket No. 14-4 at 2; Kizzier Decl., ¶ 12. The DHO reviewed Applicant's due process rights with him, including his right to call witnesses, to request a staff representative, and to present documentary evidence on his behalf. *Id.* Applicant again requested an inmate witness. *Id.* However, the inmate witness refused to provide a statement or

testimony because he "did not want to be involved or give any statement for or against any inmate on the compound." Docket No. 14-4 at 2, 3; Kizzier Decl. at ¶ 13.

Applicant's staff representative, Lt. Cedeno, provided the following statement to the DHO: "[Applicant] reported he has had an ongoing issue with [the other inmate]. I reviewed the video and [Applicant] did engage in a physical altercation but was pressed in a corner to do so." (Docket No. 14-4 at 2; Kizzier Decl., ¶ 14.

Applicant made a statement in his own defense, which was summarized by the DHO as follows:

> I told several staff members to look at the tape because I was forced into this situation. [The other inmate] is a bully and he picks on older people. He has tried to start stuff with me before but never put his hands on me. He left me no choice. I remember swinging at him and I didn't stop until someone said, "'That's enough.'"

*Id.*

The DHO considered Applicant's statement; the Incident Report; memoranda from two correctional officers who stated that Applicant admitted to fighting with the other inmate because he disrespected Applicant during a card game; and the post-fight medical assessments and photographs of Applicant and the other inmate involved. Docket No. 14-4 at 3; *see also* Kizzier Decl., ¶ 15. The DHO also considered videotaped footage of the incident, which he described in the DHO report:

> The DHO reviewed the camera footage of the incident and observed you pushing [the other inmate] at 4:37:29 p.m. Prior to that point, there had been no physical contact between you and [the other inmate]. Additionally, at 4:37:37 p.m., camera footage shows you striking [the other inmate] with a closed fist to the head. That was the [first] strike of any kind after the pushing had begun. You and [the other inmate] go on to strike each other multiple times with closed fists to the head and upper torso and you even strike [the other inmate] as he attempts to walk away

3

from this altercation.

*Id.*

At the conclusion of the hearing, the DHO determined, based on the greater weight of the evidence, that Applicant had committed the prohibited act of fighting with another person (Code 201). *Id.*

Applicant was sanctioned with 27 days loss of good conduct time, 10 days disciplinary segregation, and 30 days loss of telephone privileges. Docket No. 14-4 at 3; Kizzier Decl., ¶ 16. He received a copy of the DHO's written findings and conclusions on July 31, 2017. Docket No. 14-4 at 4; Kizzier Decl., ¶ 18.

Applicant appealed the DHO decision, which was upheld by the Central Office on February 15, 2018. Docket No. 1-2 at 22.

On June 25, 2018, Applicant filed a § 2241 Application asserting that the prison disciplinary conviction violated his due process rights because the DHO refused to review the entire video footage of the incident, which showed that Applicant was merely trying to defend himself against the other inmate's initiation of the physical altercation. Docket No. 1 at 5-6. For relief, he requests expungement of the disciplinary conviction and restoration of lost good time credits. *Id.* at 6-7.

## II. LEGAL STANDARDS

### A. § 2241 actions

The writ of habeas corpus is available if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Prison disciplinary proceedings that result in the deprivation of good-time credits may be challenged in a § 2241 proceeding. *McIntosh*, 115 F.3d at 811-12.

### B. *Pro Se* Litigant

Applicant is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *Pro se* status does not entitle the litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### C. Due Process

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (applying law to federal prisoner) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks and citation omitted)). However,

5

"[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Where a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, to comport with due process, there must be some evidence to support a disciplinary conviction. *Hill*, 472 U.S. at 454. Further, the decision-maker must be impartial. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (citing *Wolff*, 418 U.S. at 592) (Marshall J., concurring).

### III. ANALYSIS

The record shows that Applicant received written and timely notice of the charges and of the hearing; was afforded the opportunity to make a statement and to present documentary evidence; was provided a copy of the DHO's written findings and conclusions following the hearing; and requested a staff representative, who was appointed and was present at the DHO hearing. Further, Applicant was afforded the opportunity to call a witness, but the witness who he identified refused to testify or submit a written statement at the DHO hearing.

Applicant argues that his due process rights were violated because there was insufficient evidence to support his disciplinary conviction. Specifically, he asserts that the DHO relied on video footage of the incident occurring on and after 4:37 p.m., but the

DHO report failed to acknowledge that

> [t]he camera footage from 4:30:00 PM until 4:37:00 PM shows a verbal argument between [the other inmate] and me where I got up to remove myself from the argument. When I tried to pass by [the other inmate], he aggressively pushed me up against the railing so I could not move, blocking me. He pushed me so hard against the railing that he injured my hip and caused severe bruising. At some point I made it past [the other inmate], trying to avoid further confrontation, and when I did, he pushed me from behind, and then punched me in the head. , , , ONLY, and ONLY then did I defend myself.

Docket No. 1 at 5.

"Ascertaining whether the [some evidence] standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

The evidence relied on by the DHO included an incident report in which the reporting officer stated that he had witnessed Applicant and the other inmate striking one another with closed fists, and video footage showing Applicant actively participating in the fight. The DHO considered the statements of Applicant and his staff representative that the other inmate had started the physical altercation by pushing Applicant, but nonetheless concluded that Applicant was guilty of fighting. Applicant does not deny that he engaged in a physical altercation with the other inmate. Instead, he maintains that he should not have been disciplined because the other inmate's actions in pushing him forced him to defend and protect himself. However, there is no

7

constitutional right to claim self-defense in a prison disciplinary proceeding. *See Moore v. Denham*, No. 14-cv-02461-PAB, 2015 WL 3412874, at *4 (D. Colo. May 27, 2015) (citing *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) and *Rowe v. DeBruyn*, 17 F.3d 1047, 1052-53 (7th Cir. 1994)). Thus, an inmate may be disciplined for physical violence even if he was attempting to protect himself. *See Scruggs v. Jordan*, 485 F.3d 934, 938-39, 941 (7th Cir. 2007).

The Court finds that there was some evidence in the record to support the DHO's determination that Applicant was guilty of the charged disciplinary offense. *See Ruelas v. Zuercher*, No. 07-1140, 240 F. App'x 796, 797 (10th Cir. July 11, 2007) (unpublished) (explaining that the incident "report alone constitutes 'some evidence' of Petitioner's guilt"); *Farrakhan-Muhammad v. Oliver*, No. 16-1445, 677 F. App'x 478 (10th Cir. Feb. 3, 2017) (unpublished) (staff report of incident, together with video footage, constituted some evidence to support the disciplinary conviction). Therefore, Applicant's disciplinary conviction comported with the requirements of due process.

Applicant also argues in his Reply that his due process rights were infringed during the administrative appeal process because his central file was incomplete, in violation of Bureau of Prisons regulations. Docket No. 15. He maintains that the Central Office would have granted administrative relief if his file had been complete. *Id.* at 1-2.

Applicant's contention lacks merit because "a failure to adhere to administrative regulations does not equate to a constitutional violation." *See Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)). *See also Diaz v. McGuire,* No. 05-3149, 154 F. App'x 81, 84-85 (10th Cir.

Nov. 14, 2005) (unpublished) (stating that prison regulations are not designed to confer rights on inmates, and the process which is due is measured by the due process clause).

Moreover, a defective administrative review process does not implicate a constitutionally-protected liberty interest. See, e.g., *Boyd v. Werholtz*, No. 10-3284, 443 F. App'x 331, 332 (10th Cir. Oct. 3, 2011) (unpublished) (recognizing that "there is no independent constitutional right to state administrative grievance procedures); *Von Hallcy v. Clements*, No. 12-1381, 519 F. App'x 521, 523 (10th Cir. Mar. 27, 2013) (unpublished) (same).

The Court has concluded that Applicant received all of the process to which he was due in connection with the prison disciplinary hearing.[1]

**IV. ORDERS**

For the reasons discussed above, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], filed *pro se* by Applicant Randall Ludwig on June 25, 2018, is denied and this case is dismissed with prejudice. It is further

**ORDERED** that no certificate of appealability shall issue because Applicant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C.

---

1 In any event, the Court notes that the National Inmate Appeals Administrator denied Applicant's administrative appeal because Applicant's explanation for his actions during the incident failed to demonstrate that he was "not involved in a hostile, physical or verbal encounter or engagement between two or more persons." Docket No. 1-2 at 22. As such, any additional evidence of self-defense that was missing from Applicant's central file was merely cumulative and would not have altered the outcome of the administrative proceeding.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). It is further

**ORDERED** that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated January 7, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge